IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BARRY BUTLER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | Court No. 2:16-cv-00185-BCW<br><br><br>MEMORANDUM DECISION AND<br>ORDER<br><br><br>Magistrate Judge Brooke C. Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Barry Butler filed an application for Disability and Disability Insurance Benefits on September 12, 2012, alleging disability beginning November 30, 2010.[2] Mr. Butler's claims were initially denied on December 27, 2012, and upon reconsideration on February 25, 2013.[3] Thereafter, Mr. Butler timely requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held in front of the ALJ, David K. Gatto, on May 22, 2014, in Las Vegas, Nevada. The ALJ issued a decision finding Mr. Butler not disabled on August 11, 2014.[4] The

---

[1] *See* 28 U.S.C. § 636(c); F.R.C.P. 73; Docket no. 14.

[2] Administrative Record ("AR") at 181–184.

[3] *Id.* at 117–138.

[4] *Id.* at 19–32.

Appeals Council ("AC") denied Mr. Butler's request for review.[5] The ALJ's decision stands as the final decision of the Commissioner. Therefore, before the Court is Mr. Butler's appeal to the Commissioner's decision pursuant to 24 USC §405(g), which provides for judicial review of such final action.

After careful consideration of the written briefs, the administrative record and relevant legal authority, the Court has determined that oral argument is unnecessary.[6] For the reasons stated more fully herein, the Court will REVERSE and REMAND the decision of the Commissioner.

## BACKGROUND

Mr. Butler was born in 1965, attended some college, and worked in the past as a construction contractor, an over-the-road truck driver, and a local truck driver.[7] He has been diagnosed with nonischemic cardiomyopathy and coronary artery disease.[8] He has had surgery to place a heart stent.[9] The ALJ determined that Mr. Butler has the following severe impairments "coronary artery disease, status post stent placement in 2004; mild ischemic dilated cardiomyopathy; obstructive sleep apnea; mild degenerative disc disease of the lumbar spine;

---

[5] *Id*. at 1–7.

[6] The parties have also indicated that oral argument is not requested. *See* docket no. 16.

[7] AR at 36, 41–44, 181, 199–206, 210–211.

[8] *Id.* at 387.

[9] *Id.* at 326.

and, obesity."[10] Mr. Butler has also been diagnosed with hypertension and dyslipidemia, which the ALJ found to be well-controlled with medication and non-severe.[11]

The ALJ followed the familiar five-step sequential evaluation for assessing disability claims. As relevant here, at step two of the evaluation, the ALJ found that Plaintiff had severe impairments including coronary artery disease, cardiomyopathy, sleep apnea, lumbar degenerative disc disease, and obesity.[12] The ALJ assessed Mr. Butler's residual functional capacity (RFC), finding he could do light work with the following limitations: occasional stooping, kneeling, balancing, couching, crawling, and climbing of stairs, ramps, and ladders, and no climbing of ropes or scaffolds.[13] The ALJ found that, with this RFC, Mr. Butler could do his past relevant work as a local truck driver and construction contractor.[14] Because Mr. Butler could do his past relevant work, the ALJ found that he was not disabled under the Social Security Act.[15]

Mr. Butler requested the Appeals Council review the ALJ's decision and submitted additional evidence ("the 2014 Records") to the Appeals Council. Specifically, Mr. Butler submitted results from a nuclear stress test and an echocardiogram conducted less than a month after the ALJ issued his order.[16] The additional testing showed that an exercise stress test had to

---

[10] *Id.* at 24.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 25–28.

[14] *Id.* at 28.

[15] *Id.*

[16] *Id.* at 86–97.

be stopped because Mr. Butler developed fatigue.[17] Mr. Butler was also diagnosed with myocardial perfusion that worsened with stress.[18] The Appeals Council denied Mr. Butler's request for review. The Appeals Council's order stated that it had reviewed the 2014 Records and determined "[t]his information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 11, 2014."[19]

Mr. Butler has appealed on the issues of 1) whether the ALJ erred in his evaluation of the medical opinion from Mr. Butler's treating cardiologist, Dr. Mark Pulsipher, 2) whether the ALJ erred in his evaluation of Mr. Butler's residual functional capacity (RFC) assessment, and 3) whether the Agency erred in failing to consider evidence submitted to the Appeals Council after the ALJ hearing.

## STANDARD OF REVIEW

The standard of review for appeal of a Social Security determination is whether the ALJ's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standards in determining whether the claimant is disabled.[20] Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being

---

[17] *Id.* at 92.

[18] *Id.* at 94.

[19] *Id.* at 2.

[20] *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

[21] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

supported by substantial evidence."[22]  The Court may not "reweigh the evidence or substitute [its] judgment for the Commissioner's."[23]  Finally, the Court "may not displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo."[24]

## ANALYSIS

Although Mr. Butler raises three issues on appeal, the Court finds the third issue to be dispositive, and therefore does not consider the first two.  Mr. Butler argues that the Agency erred by failing to consider new evidence submitted to the Appeals Council after the ALJ Decision.  The Court agrees.

20 C.F.R. §§ 404.970(b) and 416.1470(b) authorize a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision.[25]

> For the [Appeals Copuncil] to consider additional evidence, the regulations require that the evidence is new, material, and related to the period on or before the date of the ALJ decision.  This means the evidence is: 1. Not part of the claims(s) record as of the date of the ALJ decision; 2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and 3. Relates to the period on or before the date of the ALJ decision, meaning it is: (1) dated before or on the date of the ALJ decision, or (2) *post-dates the ALJ decision but is reasonably related to the time period adjudicated by the ALJ*.[26]

Therefore, the Appeals Council will consider additional evidence only to the extent that it is new, material, and "relates to the period on or before the date of the administrative law judge

---

[22] *Zolanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[23] *Joyce v. Barnhart,* No. 03-6107, 2004 WL 214478 at *3 (10th Cir. Feb. 5, 2004).

[24] *Lax v. Astrue*, 489 F.3d 1080, 1084 (citation and internal quotation marks omitted).

[25] *See O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

[26] Hallex I-3-3-6. (emphasis added).

hearing decision."[27] Under Tenth Circuit precedent, the Court may review de novo the limited legal question of whether additional evidence submitted to the Appeals Council qualifies as new, material, and chronologically relevant.[28]

The Court concludes the Appeals Council's finding that the 2014 Records do not affect the decision about whether Mr. Butler was disabled beginning on or before August 11, 2014 is out of line with Hallex I-3-3-6 and relevant case law, and is not supported by substantial evidence.

In September 2014, less than a month after the ALJ decision was issued, Mr. Butler underwent a nuclear stress test and echocardiogram for chest pain and tightness.[29] Notably, this testing was recommended previously, but Mr. Butler apparently could not afford the testing.[30] An exercise stress test was stopped because Mr. Butler developed fatigue.[31] He was diagnosed with myocardial perfusion that worsened with stress.[32]

This later testing further supported Mr. Butler's claims that he becomes breathless and fatigued with exertion.[33] The ALJ had previously found that "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these

---

[27] See 20 C.F.R. § 404.976(b).

[28] *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

[29] AR at 85.

[30] *Id.* at 447.

[31] *Id.* at 92.

[32] *Id.* at 94.

[33] *See id.*

symptoms are not entirely credible…"[34] The ALJ discounted Mr. Butler's description of the intensity and limiting effect of the fatigue he faced. The ALJ found that "despite the claimant's allegations and testimony, documented complaints have been relatively limited."[35] The ALJ acknowledged that Mr. Butler reported fatigue to Dr. Pulsipher but indicated that "he could live with it."[36] Thus, "revealing that [fatigue] is not a limiting as [Mr. Butler] alleges."[37] This new evidence, therefore, included the first objective medical test results that explained Mr. Butler's recurrent fatigue.

      The 2014 Records offered by Mr. Butler were not part of the record as of the date of the ALJ decision. Moreover, the 2014 Records are new, and are not duplicative of other evidence in the record. They are also chronologically relevant and material. The 2014 Records are relevant as fatigue and dyspnea due to cardiac impairments were alleged throughout the record. While the 2014 Records post-date the ALJ's decision, they are related to the time period adjudicated. These conditions did not develop in the one month period of time between the ALJ's decision and the date the testing was performed. Mr. Butler had cardiac conditions prior to the testing. Mr. Butler complained of dyspnea, fatigue, and chest tightness for several years. These symptoms do not indicate a new or worsening condition, but a flaring up of his cardiac symptoms that are at issue in this case.

---

[34] *Id.* at 26.

[35] *Id.*

[36] *Id.* at 26.

[37] *Id.*

Additionally, these records may have led to a different RFC determination, which creates a reasonable possibility that the ALJ would have changed his analysis at step four.[38] As such, the Appeals Council should have considered the additional evidence in the context of the ALJ's decision and whether there was substantial evidence to support his step four determination. No such consideration appears to have been made.

For these reasons, the Appeals Council's failure to evaluate this evidence requires this case to be reversed and remanded for further consideration. The Appeals Council should have considered the additional evidence in the context of the ALJ's decision and his finding that Mr. Butler's complaints of fatigue were not entirely credible. Specifically, the Appeals Council should have reviewed the records to determine whether there was substantial evidence to support the ALJ's step four determination.

## CONCLUSION

Based on the foregoing, the decision of the Commissioner is reversed and this matter is reversed and remanded for further consideration. Upon remand, the Appeals Council and/or the ALJ should specifically consider the 2014 Records as they relate to the ALJ's determination at step four.

SO ORDERED.

BY THE COURT:

---

[38] *See, e.g.*, *Proctor v. Astrue*, 665 F.Supp.2d 1243, 1251 (10th Cir. 2009) (finding the ALJ erred where new evidence called into question the disposition of the case); *Padilla v. Colvin*, 525 F. App'x 710, 711 (10th Cir. 2013) (finding remand appropriate when new evidence was not adequately considered by the Appeals Council).

_____
BROOKE C. WELLS
United States Magistrate Judge